IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS TAYLOR & MELINDA TAYLOR </br></br>Plaintiffs, </br></br>vs. </br></br>CLARK EQUIPMENT COMPANY D/B/A BOBCAT COMPANY, SIEVERS EQUIPMENT COMPANY, and BRIAN ROZIER </br></br>Defendants. | Case No. 4:22-cv-201 </br></br>Removed from the Twenty-First Judicial Circuit Court, St. Louis County, Missouri Cause No. 21SL-CC04674 </br></br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Clark Equipment Company d/b/a Bobcat Company ("Defendant" or "Bobcat"), by and through its undersigned attorneys, hereby removes this case from the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, Cause No. 21SL-CC04674, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.  In support of this Notice of Removal, Defendant states:

### STATE COURT PROCEEDINGS

1. On or about October 1, 2021, Plaintiffs Nicholas & Melinda Taylor ("Plaintiffs") filed a Petition in the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, Cause No. 21SL-CC04674, asserting strict liability (Count I) and strict liability failure to warn (Count II) against Defendants Bobcat and Sievers Equipment Company ("Sievers"), a negligence claim (Count III) solely against Defendant Bobcat, a negligence claim (Count IV) against Defendant

Brian Rozier ("Rozier"), and loss of consortium (Count V) against all Defendants. (*See* **Exhibit A**.)[1]

2. Defendant Bobcat was served with the Petition on January 20, 2022.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiffs and all properly joined Defendants as citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Missouri, Eastern Division, is the United States District Court for the district and division embracing the place where the state court case was pending, specifically, the Twenty-First Judicial Circuit Court of St. Louis County, Missouri.

## CITIZENSHIP OF PARTIES

5. According to the Petition, Plaintiffs are residents and citizens of Missouri and Plaintiff Nicholas Taylor's injuries were sustained in St. Louis County, Missouri. (Pet. ¶ 1.)

6. Defendant Bobcat is a Delaware corporation, with its principal place of business in North Dakota. (Pet. ¶ 2.)

7. According to the Petition, Defendant Sievers Equipment Company ("Sievers") is an Illinois corporation. (Pet. ¶ 3.) On information and belief, Sievers' principal place of business is also in Illinois.

---

[1] In accordance with 28 U.S.C. § 1446(a), a complete copy of all state court process, pleadings, orders, and other filings, including Plaintiffs' Petition, is attached hereto as **Exhibit A**.

8. Based on the caption of the Petition, Defendant Rozier is a Missouri citizen and resident. As to Defendant Rozier, the caption also notes, "**HOLD SERVICE**." (Emphasis in original.)

9. For the reasons stated below, Bobcat's removal to federal court "cannot be defeated by a fraudulent joinder of a resident defendant." *Simpson v. Thomure*, 484 F. 3d 1081, 1083 (8th Cir. 2007).

10. Plaintiffs' addition of Defendant Rozier is fraudulent because their claims against the diversity-destroying defendant have "no reasonable basis in fact and law." 28 U.S.C.A. § 1332; *Halsey v. Townsend Corp. of Indiana*, 1:17 CV 4 SNLJ, 2017 WL 2189459, at *1 (E.D. Mo. May 18, 2017).

11. Here, there is "applicable state precedent which precludes the existence of a cause of action" against Defendant Rozier, and in such a case, "joinder is fraudulent." *Id.*

12. The state precedent which precludes Plaintiffs' claims against Defendant Rozier is threefold: (1) Missouri's statutory co-employee immunity pursuant to § 287.120.1 RSMo of the Missouri Worker's Compensation Law; (2) common law co-employee immunity based on an employer's nondelegable duty to provide a safe workplace; and (3) evidence of Plaintiffs' lack of any real intention to prosecute the present action against Rozier, holding service and joining him solely to defeat diversity jurisdiction.

13. Missouri's workers' compensation law precludes Plaintiffs' claims against Rozier. Specifically applicable here is the subsection which states:

> Any employee of such employer shall not be liable for any injury or death for which compensation is recoverable under this chapter and every employer and employees of such employer shall be released from all other liability whatsoever, whether to the employee or any other person, except that an employee shall not be released from liability for injury or death if the employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury.

3

§ 287.120.1 RSMo.

14. This subsection does not create a new cause of action for an injured employee to sue a co-employee; rather, this subsection is an affirmative defense, granting co-employees broad immunity unless the worker can show that the co-employee engaged in "an affirmative negligent act" that "purposefully and dangerously caused or increased the risk of injury." *Brock v. Dunne*, SC 97542, 2021 WL 5217031, at *3 (Mo. Nov. 9, 2021), *reh'g denied* (Feb. 8, 2022), *quoting* §287.120.1 RSMo.

15. Despite Plaintiffs' employment of the statutory language, there is no direct evidence demonstrating Rozier acted with the purpose to cause or increase the risk of injury, and any inference he did so would be "unreasonable, speculative, or forced." *Brock,* 2021 WL 5217031, at *5.

16. Instead, the Petition paints a picture which directly negates the requisite mental state, alleging that Plaintiff Nick Taylor and Defendant Rozier "were working in unison," they had "developed a cadence where the operator would forward and reverse at predictable times," and that "Defendant Rozier could not see plaintiff." (Pet. ¶ 5.)

17. While the evidence *may*, at best, support a finding that Rozier acted negligently or outside the safety rules, no reading of the Petition demonstrates that Rozier intended to cause or increase the risk of any injury to Plaintiff or others.

18. The fact that an intentional act may increase the risk of injury to others "does not unequivocally lead to the conclusion that the actor intended to increase the risk of injury. Absent more, a negligent act is, simply, negligence." *Id.*

19. The lack of any evidence or reasonable inference establishing Rozier's purpose to cause or increase the risk of injury is fatal to Plaintiffs' claim against him.  Plaintiffs cannot satisfy the requirements to trigger the immunity exception under Section 287.120.1, and because Plaintiffs

have failed to present sufficient evidence for this Court to find Rozier's affirmative, negligent act was employed purposefully and dangerously to cause or increase the risk of injury, Rozier is legally entitled to immunity under Section 287.120.1.  Therefore, Rozier has been fraudulently joined herein, and his citizenship may be disregarded by this Court in determining the existence of diversity jurisdiction.

20. Second, should Plaintiffs attempt to argue a common law basis for Rozier's liability, subverting the applicable workers' compensation law which precludes Plaintiffs' claims against Defendant Rozier, this Court should still conclude that Rozier is entitled to a common law basis for immunity.

21. Under common law, to maintain their claim against Rozier, Plaintiffs must show that Rozier breached a duty "separate and apart from the employer's foreseeable duty to provide a safe workplace," because:

> A co-employee can only be liable for such injuries if the employer (prior to workers' compensation) would not have been liable because the co-employee either breached a duty unrelated to the master-servant relationship or committed a breach of workplace safety that was so unforeseeable to the employer as to take it outside the employer's nondelegable duty to provide a reasonably safe workplace.

*Brock*, 2021 WL 5217031, at *6 *citing Conner v. Ogletree,* 542 S.W.3d 315, 324 (Mo. banc 2018).

22. Missouri law recognizes the broad scope of an employer's duty to provide a safe workplace in two seminal cases: *Kelso v. W.A. Ross Construction Co.*, 85 S.W.2d 527 (Mo. 1935) and *Conner v. Ogletree,* 542 S.W.3d 315 (Mo. banc 2018).

23. In *Kelso*, the plaintiff was injured when a truck owned by his employer backed into him. *Kelso*, 85 S.W.2d at 529.  While the driver of that truck may not have exercised ordinary care at the worksite, the *employer* was held liable because the injury fell within the employer's nondelegable duty to provide a safe workplace. *Id.* at 537.

24. In *Ogletree*, the court held an employee's negligent act in driving a forklift fell within the employer's nondelegable duty and therefore, the co-employee could not be held liable at common law. As *Ogletree* recognized, it is the employer's sole duty to provide a safe work environment, and a co-employee's negligence in carrying out the duties assigned to the employee by the employer is not actionable at common law as a breach of a duty separate and distinct from the employer's nondelegable duty. *Ogletree,* 542 S.W.3d at 327.

25. Here, Rozier's act of reversing the Bobcat skid-steer loader is plainly analogous to the act of backing up a truck as in *Kelso*, 85 S.W.2d at 529, and the act of driving the forklift as in *Ogletree*, 542 S.W.3d at 328.

26. These acts fell within the employer's nondelegable duty to provide a safe workplace, as does Rozier's act of reversing the Bobcat skid-steer loader in this case. Because the act of reversing the Bobcat skid-steer loader fell within the employer's duty to provide a safe work environment, the duty is nondelegable. Any alleged negligence on the part of Rozier in reversing the Bobcat skid-steer loader, therefore, cannot form the basis of common law liability.

27. Third and finally, the brief procedural history of this case indicates Plaintiff has "no real intention of prosecuting the present action against [Rozier], and joined [Rozier] here solely to defeat diversity jurisdiction." *PS Kids LLC v. Paymaster Bus. Services, Inc.*, 4:17CV02374 AGF, 2018 WL 999973, at *2 (E.D. Mo. Feb. 21, 2018).

28. In *PS Kids LLC*, this Court found that failure to serve a Missouri defendant is a factor considered when determining whether the plaintiff has fraudulently joined a defendant to defeat jurisdiction. *Id.*

29. Though it was but one factor contemplated by this Court, and though the Eighth Circuit has not explicitly adopted this factor, the "**HOLD SERVICE**" notation as to Defendant

6

Rozier holds significance when all other named Defendants are diverse to Plaintiffs, and casts a shadow on the earnestness of Plaintiffs' intention of prosecuting the present action against Rozier, who is also immune to this suit under Missouri statutory and common law.

30. Thus, because Defendant Rozier was fraudulently joined, his citizenship must be disregarded, and there is complete diversity of citizenship between Plaintiffs and Defendants. Therefore, under 28 U.S.C. §1441(b)(2), this action may be removed to this Court.

## AMOUNT IN CONTROVERSY

31. Removal is proper under 28 U.S.C. § 1446(c)(2)(B) if this Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

32. Under § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." To determine whether the jurisdictional amount in controversy has been met, the Court may make an independent evaluation of the monetary value of the claim based on the allegations in the complaint and the assertions and proof set forth in this Notice of Removal to determine whether the preponderance of the evidence indicates that the jurisdictional threshold has been met. *See Missouri ex. rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

33. Here, pursuant to standard Missouri civil practice, Plaintiffs' Petition states in each count's prayer for relief that Plaintiffs "pray[] for judgment against Defendants, and each of them, in an amount which is fair and reasonable in excess of Twenty-Five Thousand ($25,000) Dollars" (Pet., Prayers for Relief.)

34. The amount in controversy exceeds $75,000. This is a civil action relating to Plaintiffs' claims for damages arising from an incident with a piece of compact construction

equipment that allegedly resulted in extensive bodily damages.  Plaintiffs' Petition alleges that Nicholas Taylor sustained:

> injuries to his right and left leg, right hip and left hip/thigh, low back and a crush injury to the right leg causing compartment syndrome with 3 surgical repairs including fasciotomies with placement of wound vacs, and incision and drainage procedures followed by a closure of the fasciotomy incisions; chronic right leg neuropathic pain syndrome with equinus contracture of the right foot; and left hip/thigh pain secondary to trochanteric bursitis, iliotibial band syndrome, and meralgia parenthetical secondary to abnormal weight bearing; plaintiff has incurred medical expenses to date and continues and will continue to incur medical expenses for continuing care in the future; and plaintiff Nicholas Taylor's ability to work, labor, and enjoy life has been significantly impaired and diminished."

(Pet. ¶ 8.)

35. Plaintiffs allege that Defendants, "each of them," are liable for damages in excess of $25,000.  (Pet., Prayers for Relief.)  The nature of their claims and the types of damages sought reveal the amount in controversy easily exceeds $75,000.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

36. Based on the nature of the claims in Plaintiffs' Petition, the claims will exceed the jurisdictional amount.  Thus, this case is removable pursuant to 28 U.S.C. § 1441.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

37. As required by 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of Defendant's receipt, by service of process or otherwise, of the initial pleading.  It is being filed in the District Court setting forth the claim for relief upon which this proceeding is based and which establishes the right to remove this action to this Court.

38. Copies of all process, pleadings, and orders on file with the Twenty-First Judicial Circuit Court of St. Louis County, Missouri in this matter are attached hereto as **Exhibit A**.

4854-2917-1726, v. 2

39. No defendant has entered an appearance, filed any responsive pleadings, or filed any papers in this action in the state court proceeding beyond a notice of filing this Notice of Removal. Defendant Sievers, while not having entered an appearance yet, has informed undersigned counsel, through its counsel, that Sievers consents to this removal.

40. By removing this matter, Defendant Bobcat does not waive and expressly reserves any rights it may have, including, without limitation, all available arguments and affirmative defenses, including, but not limited to, a lack of personal jurisdiction, improper venue, and/or failure to state a claim.

41. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served this day upon Plaintiffs though their counsel, and notice of filing same is being filed with the Clerk of the Twenty-First Judicial Circuit Court of St. Louis County, Missouri.

42. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11 and in accordance with 28 U.S.C. § 1446. The statements and allegations herein are true and correct to the best of the knowledge and belief of the undersigned upon review of the material available, including **Exhibit A** hereto.

43. Based on the foregoing, Defendant Bobcat has met its burden of establishing that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and that this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

44. In the event Plaintiffs file a request to remand, or the Court considers remand *sua sponte*, Defendant Bobcat respectfully requests the opportunity to submit additional argument and/or evidence in support of removal.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant hereby removes the above-captioned action, Cause No. 21SL-CC04674 from the Twenty-First Judicial Circuit Court, St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: February 18, 2022

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

BY  */s/ Amy C. Moorkamp*
Jonathan H. Garside, #48523
Amy C. Moorkamp, #71087
10 S. Broadway, Suite 2000
St. Louis, MO  63102
Telephone: (314) 241-9090
Facsimile:  (314) 345-5488
jgarside@greensfelder.com
amoorkamp@greensfelder.com

*Attorneys for Clark Equipment Company d/b/a Bobcat Company*

4854-2917-1726, v. 2

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of February, 2022, the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and via email, upon below counsel of record.

Daniel T. Ryan
Law Offices of Daniel T. Ryan
3008 Sutton Blvd., Suite 100
Maplewood, MO  63143
dan@danryanlawoffice.com

*Attorney for Plaintiff*

                                                    */s/ Amy C. Moorkamp*